IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ARTHER McCONNELL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Civil Action No. 14-747 |
| vs. | ) | |
| | ) | Judge Cathy Bissoon/ |
| WARDEN BRIAN H. THOMPSON; | ) | Magistrate Judge Maureen P. Kelly |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA; THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed pursuant to 28 U.S.C. § 2254, be dismissed pre-service because Petitioner fails to show that it is not a second or successive petition, and, as such, this Court lacks jurisdiction over the Petition. In the alternative, the Petition is time-barred.

### II. REPORT

A. Relevant Procedural History

Arthur McConnell ("Petitioner") is currently incarcerated in the State Correctional Institution at Mercer ("SCI-Mercer"). The Petition attacks a 1968 conviction for first degree murder and rape that was obtained in the Court of Common Pleas of Mercer County.[1] In

---

[1] The dockets of Petitioner's sole criminal case arising out of Mercer County are available at:

http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-43-CR-0000041-1968

(site last visited 7/11/2014).

October 1968, Petitioner was sentenced to life in prison without the possibility of parole. We take judicial notice of the fact that, on September 20, 1974, Petitioner filed a Section 2254 habeas petition in this Court ("the First Petition"), challenging a conviction arising out of the Court of Common Pleas of Mercer County. The First Petition was dismissed by memorandum order on September 17, 1975. The case is so old that the actual records are apparently no longer available to this Court. The Court was able to retrieve the docket sheet from the archives and a copy of that docket sheet is attached hereto as an appendix. Given that the dockets of the Court of Common Pleas of Mercer County show only one criminal trial for Petitioner arising out of that County, namely, the first degree murder and rape conviction from 1968, it appears that Petitioner has only one criminal conviction.

In addition, Petitioner's Department of Corrections Inmate Identification Number which is sentence specific (meaning that as long as one is serving a specific sentence, then the Department of Corrections Inmate Identification Number remains the same but when an inmate starts serving a different sentence, then the prisoner is assigned a new DOC Inmate Identification Number), was listed on the docket from the First Petition as C-9059 and is now listed on the DOC Inmate Locator website as AC-9059, which the Court deems to be the same. Accordingly, it appears that Petitioner has been continuously serving the same life sentence since 1968, and that the conviction/sentence which was attacked in the First Petition is the same conviction/sentence that Petitioner is now attacking. Because Petitioner has failed to carry his burden to show that this Petition is not second or successive, the Petition should be dismissed. In the alternative, the Petition should be dismissed because it is time-barred.

### B. Rule 4 of the Rules Governing Section 2254 Cases

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant Petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this Petition, this Court takes judicial notice of Petitioner's criminal dockets in the Court of Common Pleas of Mercer County and judicial notice of the docket of Petitioner's First Petition.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the instant Petition should be dismissed pre-service because Petitioner fails to show that the present Petition is not second or successive, or, in the alternative, the Petition should be dismissed as being untimely filed.

**C. The AEDPA Applies.**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). In the AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's

4

perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of the AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of federal constitutional law. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by the AEDPA and the habeas petitioner must have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A).[2]

We note that the present Petition does not appear to satisfy either of the two requirements for permitting a second or successive Section 2254 habeas petition. The Petition essentially asserts that the 1968 Amendment to the Pennsylvania Constitution nullified the state crimes code and so, there was no crime in existence that he could have committed. ECF No. 5 at 1. Such claim is neither a claim of newly discovered facts that call into question the accuracy of a guilty verdict nor is it a claim relying on a new rule of federal constitutional law.

---

[2] Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

5

### D. Discussion

#### 1. Petitioner fails to establish subject matter jurisdiction.

As explained by the United States Court of Appeals for the Third Circuit, this Court lacks subject matter jurisdiction over a second or successive Section 2254 habeas petition. Robinson v. Johnson, 313 F.3d at 140. Moreover, as noted by one treatise, "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum. Thus, if the plaintiff seeks to invoke the federal court's jurisdiction, the plaintiff has the burden of proving jurisdiction[.]" FEDPROC § 1:377. See also Acosta v. Artuz, 221 F.3d 117, 122 n.3 (2d Cir. 2000) ("the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'"). The clear implication of the foregoing legal principles is that because Petitioner invokes this Court's habeas jurisdiction, Petitioner possesses the burden to show that this Court has subject matter jurisdiction, which means Petitioner has the burden to show that the present Petition is not second or successive. Petitioner fails to carry the burden to show that the present Petition is not second or successive.

In the Petition at bar, it appears that Petitioner is challenging the very same conviction that he challenged in the First Petition. We come to this conclusion because, as noted above, the dockets of the Court of Common Pleas of Mercer County show only one set of convictions for Petitioner arising out of that County, namely, the first degree murder and rape convictions from 1968, and given that Petitioner's DOC Inmate Identification Number which is sentence

specific was listed on the docket from the First Petition as C-9059 and is now listed on the DOC Inmate Locator website as AC-9059[3] (which the Court deems to be the same), it appears that Petitioner has been continuously serving the life sentence since 1968. Consequently, it appears that the First Petition was attacking that very same conviction/life sentence, which the present Petition is attacking. Accordingly, under the facts of this case, we find that the present Petition is prima facially second or successive, with the burden on Petitioner to demonstrate that it is not second or successive. We further find that Petitioner has not carried that burden. Petitioner may attempt to show in Objections that the present Petition is not second or successive by, for example, producing a copy of the Order and/or opinion, disposing of his First Habeas Petition, which shows that the First Petition was not decided on the merits.

Accordingly, the present Petition must be dismissed because Petitioner fails to carry his burden to show that this Court possesses subject matter jurisdiction over this potentially second or successive habeas petition.

### 2. The Petition is time-barred.

In the alternative, we find that the Petition is untimely filed under the AEDPA.

As relevant here,[4] the AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final. Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the

---

[3] The DOC Inmate Locator website is available at:

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/Criteria.aspx

(site last visited 7/11/2014).

[4] Although the AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable.

>      judgment of a State court. The limitation period shall run from the
>      latest of--
>         (A) the date on which the judgment became final by the
>      conclusion of direct review or the expiration of the time for
>      seeking such review;
>
>      . . . .
>
>         (2) The time during which a properly filed application for State
>      post- conviction or other collateral review with respect to the
>      pertinent judgment or claim is pending shall not be counted toward
>      any period of limitation under this subsection.

28 U.S.C. § 2244(d).

According to the dockets of the Court of Common Pleas of Mercer County, Petitioner was convicted on or about September 30, 1968 and was sentenced on October 1, 1968. Because Petitioner filed no post sentence motion and took no appeal from the imposition of the sentences, Petitioner's conviction became final 30 days after October 1, 1968 which is October 31, 1968. See, e.g., Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); Woolfolk v. Mechling, No. Civ.A. 02-7211, 2003 WL 22837608, *4 (E.D. Pa. Nov. 25, 2003)("Direct review of Petitioner's conviction ended on November 20, 1998, since Petitioner did not appeal his guilty plea within thirty days of the sentencing."). Because Petitioner's conviction became final before the enactment of the AEDPA, his conviction is deemed to have become final on the effective date of the AEDPA, i.e., April 24, 1996 and Petitioner would have had one year from that date in which to file his habeas petition, i.e., by April 24, 1997. See Burns v. Morton, 134 F.3d 109, 1112 (3d Cir. 1998) (establishing a one year grace period after the AEDPA's enactment date and holding that where convictions became final before April 24, 1996, the effective date of the AEDPA, habeas petitions filed within one year thereof come within the AEDPA's one year statute of limitations). The Court of Appeals explained the effect of its holding in Burns v. Morton is to "make . . . all

8

other convictions in this circuit otherwise final before the effective date of the AEDPA, April 24, 1996, final on that day for purposes of calculating the limitations period." United States v. Duffus, 174 F.3d 333, 334 (3d Cir. 1999). Petitioner is not deemed to have filed the current Petition until, at the earliest, June 8, 2014, the date whereon he signed his habeas petition.[5] This is more than 17 years after his conviction is deemed to have become final. Hence, absent tolling, Petitioner is time-barred.

It is true that a properly filed post conviction or collateral petition, which was filed and/or pending during the one year grace period, would have tolled the running of the limitations grace period.[6] However, as shown by the dockets of the Court of Common Pleas of Mercer County, Petitioner did not file his first PCRA petition until on or about November 9, 2010. This is more than 13 years after his one year grace period had already completely expired. Accordingly, the present Petition is clearly time-barred and must be dismissed as such.

---

[5] The "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d at 113; United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001), *aff'd*, 33 F. App'x 40 (3d Cir. 2002). In the present case, the petition was executed on June 8, 2014 and it was received by the District Court on June 12, 2014. As such, it appears that Petitioner delivered the petition to prison officials sometime between June 8 and June 12, 2014. Absent proof of the exact date of delivering the petition to the prison authorities, the court will treat June 8, 2014 the date whereon Petitioner signed his petition, as the filing date. See Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000). See also Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000)("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998.").

[6] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001)("This one-year grace period is tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings.").

**III. CONCLUSION**

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed either because Petitioner has not carried his burden to show that this Court has subject matter jurisdiction over this Petition or because it is time-barred.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                Respectfully submitted,

Date: July 23, 2014                s/Maureen P. Kelly
                                            MAUREEN P. KELLY
                                            UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Cathy Bissoon
       United States District Judge

       Arthur McConnell
       AC-9059
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137

# APPENDIX